UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

July 8, 2013

LETTER TO COUNSEL:

      RE:    *Brian Horst v. Commissioner, Social Security Administration*;
               Civil No. SAG-12-2779

Dear Counsel:

On September 18, 2012, the Plaintiff, Brian Horst, petitioned this Court to review the Social Security Administration's final decision to deny his claim for Disability Insurance Benefits. (ECF No. 1). I have considered the parties' cross-motions for summary judgment, and Mr. Horst's letter reply. (ECF Nos. 11, 12, 13). I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (superseded by statute on other grounds). Under that standard, I will grant the Commissioner's motion and deny Plaintiff's motion. This letter explains my rationale.

Mr. Horst filed his claim for benefits on September 29, 2009, alleging disability beginning on June 1, 2008. (Tr. 76-79). His claim was denied initially on January 29, 2010, and on reconsideration on August 19, 2010. (Tr. 52-55, 58-59). A hearing was held on April 27, 2011 before an Administrative Law Judge ("ALJ"). (Tr. 21-49). Following the hearing, on June 24, 2011, the ALJ determined that Mr. Horst was not disabled during the relevant time frame. (Tr. 7-20). The Appeals Council denied Mr. Horst's request for review (Tr. 1-6), so the ALJ's decision constitutes the final, reviewable decision of the agency.

The ALJ found that Mr. Horst suffered from the severe impairments of degenerative joint disease, obesity, and diabetes mellitus. (Tr. 12). Despite these impairments, the ALJ determined that Mr. Horst retained the residual functional capacity ("RFC") to:

> [P]erform light work as defined in 20 CFR 404.1567(b) except the claimant can occasionally climb ramps and stairs but can never climb ladders, ropes or scaffolds; and can occasionally balance, stoop, kneel, crouch and crawl.

(Tr. 13). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Horst could perform jobs that exist in significant numbers in the national economy, and that he was therefore not disabled during the relevant time frame. (Tr. 16-17).

Mr. Horst presents four arguments on appeal: (1) that the ALJ failed to address his obesity appropriately; (2) that the ALJ did not cite substantial evidence to support his RFC and failed to properly analyze medical evidence; (3) that the ALJ presented an erroneous hypothetical to the VE; and (4) that the ALJ erred in making an adverse credibility finding. Each argument lacks merit.

Mr. Horst contends that the ALJ failed to adequately evaluate his obesity, although the ALJ referred to his obesity twice in the decision. (Tr. 12, 16). Although Mr. Horst argues that his obesity should have been considered in conjunction with his other impairments, he does not argue that his obesity causes any specific limitations beyond those found by the ALJ. No medical evidence suggests additional restrictions attributable to Mr. Horst's obesity. Because he has not met his burden of demonstrating that his obesity further restricts his ability to engage in work-related activity, his argument fails. *George v. Astrue,* Civil Action No. TMD–10–2165, 2013 WL 877120, at *2 (D. Md. Mar. 7, 2013).

Mr. Horst next contends that the ALJ failed to cite substantial evidence supporting his RFC determination. In support of his argument, Mr. Horst (1) provides an extensive summary of his own hearing testimony and subjective reports to the consultative examiner; (2) makes reference to certain treatment notes demonstrating some low back pain, some objective findings, and certain recommended restrictions by consultative examiner Dr. Zamani; and (3) outlines case law regarding treating physician opinions. Pl. Mot. 23-31. In this case, however, no treating physician has opined that Mr. Horst is unable to work, nor has any treating physician provided specific analysis of work-related functions. Mr. Horst's testimony and statements to the consultative examiner were undermined by the ALJ's adverse credibility finding, which is addressed below. As to the treatment records and objective findings, the ALJ noted contrary evidence including (1) a September 3, 2009 record showing that a cortisone injection had been helpful; (2) a recurrence of pain after work chopping and lifting firewood; 93) a lack of treatment notes regarding Mr. Horst's back until March 2011; (4) normal examination of bilateral lower extremities in March, 2011; and (5) Dr. Zamani's suggestion that Mr. Horst did not need orthopedic treatment or surgery. (Tr. 14-15) (citing Tr. 155, 194, 232-35, 237-38, 180-81). The evidence cited by the ALJ constituted substantial evidence supporting his conclusion.

Third, Mr. Horst argues that the ALJ neglected to include all limitations in the hypotheticals posed to the VE, and, further, failed to consider relevant testimony from the VE given during cross examination. The ALJ is afforded "great latitude in posing hypothetical questions," *Koonce v. Apfel,* No. 98–1144, 1999 WL 7864, at *5 (4th Cir. Jan. 11, 1999), and need only pose those that are based on substantial evidence and accurately reflect a claimant's limitations. *See Copeland v. Bowen,* 861 F.2d 536, 540–41 (9th Cir. 1988). For the reasons discussed above, the ALJ properly included only those restrictions supported by substantial evidence in the RFC and hypothetical. During cross examination, Mr. Horst asked the VE to consider a person who had to have an option to lie down at will, which precluded employment. (Tr. 46). Mr. Horst cites no medical support to justify including that extreme limitation in the RFC or hypothetical. Although Mr. Horst objects to the use of the non-examining state agency

physicians' reports to formulate the hypothetical question, the law recognizes that state agency medical sources are "highly qualified physicians, psychologists, and other medical specialists who are experts in Social Security disability evaluation." 20 C.F.R. §§ 404.1527(e)(2)(i), 416.927(e)(2)(i). In this case, the non-examining physicians' reports also accord with the medical evidence. As a result, the case law cited by Mr. Horst, regarding cases where the opinions of the non-examiners are "contradicted by all other evidence on the record" is inapposite. *See* Pl. Mot. 32.

Finally, Mr. Horst asserts that the ALJ's credibility finding was deficient. The Fourth Circuit has developed a two-part test for evaluating a claimant's subjective complaints, such as the limiting effects of an impairment. *Chater,* 76 F.3d at 594. First, there must be objective medical evidence of a medical impairment reasonably likely to cause the symptoms alleged by the claimant. *Id.* After the claimant meets this threshold obligation, the ALJ must evaluate "the intensity and persistence of the claimant's [symptoms], and the extent to which it affects [his] ability to work ." *Id.* at 595. The ALJ followed that process in this case. Mr. Horst contends that the ALJ erred in failing to "acknowledge the extensive explanation" regarding the allegations that he had worked chopping and lifting firewood. Pl. Mot. 37. In fact, the ALJ acknowledged Mr. Horst's explanation, but rejected it in light of two separate statements by treating physicians indicating that Mr. Horst had told them he had been working with firewood. (Tr. 14-15). In addition to the firewood issue, the ALJ also noted that the medical reports only referenced knee pain, which undermined Mr. Horst's allegations of debilitating back pain. (Tr. 15). Mr. Horst erroneously alleges that the ALJ failed to mention Dr. Paul Asdourian's March 2011 report. Pl. Mot. 39. In fact, the ALJ explicitly discussed that report, highlighting the doctor's findings that Mr. Horst's strength in his bilateral lower extremities rated a 5 out of 5, and that his light touch sensation was intact from L4 to S1. (Tr. 15) (citing Tr. 238). Dr. Asdourian reported that he discussed a discectomy with Mr. Horst, but "[a]t this time we will currently undergo nonsurgical intervention[.]" (Tr. 238). In light of the evidence cited by the ALJ, I find that substantial evidence supported his adverse credibility finding. Remand is therefore unwarranted.

For the reasons set forth herein, Plaintiff's motion for summary judgment (ECF No. 11) will be DENIED and the Commissioner's motion for summary judgment (ECF No. 12) will be GRANTED. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/
Stephanie A. Gallagher
United States Magistrate Judge